# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3742

_____

Norman R. Ball, Jr.

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 1, 2015
Filed: July 31, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Norman R. Ball, Jr., appeals the district court's[1] order affirming the denial of supplemental security income and disability insurance benefits.  In Ball's complaint,

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

he generally contended that the administrative law judge's (ALJ's) findings as to residual functional capacity (RFC)—that Ball could perform light work, but needed to alternate sitting and standing every thirty minutes—were not supported by substantial evidence. The district court issued its decision over a year after the Commissioner filed an answer to Ball's complaint, along with an administrative transcript; the court noted that, under the case-management order, Ball was required to file his brief within thirty days after the Commissioner filed an answer and provided the administrative transcript, but that Ball, who was counseled, had neither filed a brief nor requested an extension of time to do so. The district court nonetheless summarized the record, and addressed the ALJ's determinations at each step of the sequential evaluation process.

As to the issues Ball raises on appeal, only one—the RFC findings—was identified below in his complaint. This court reviews *de novo* the district court's affirming decision, and the court's determination that the ALJ's decision is supported by substantial evidence on the record as a whole. See Lott v. Colvin, 772 F.3d 546, 548-49 (8th Cir. 2014). We agree with the district court that the ALJ's RFC findings were properly based on all the relevant evidence and a thorough assessment of Ball's credibility. See Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013) (RFC determination); see also Martise v. Apfel, 641 F.3d 909, 923 (8th Cir. 2011) (it is claimant's burden to establish RFC).[2]

The remaining issues that Ball addresses on appeal were not raised in the district court, and Ball does not respond to the Commissioner's contention that

[2]Ball contends the ALJ failed to include limitations from hypertension, diabetes, obstructive sleep apnea, and depression, but the ALJ found these conditions did not amount to severe impairments, and Ball does not challenge that finding. See Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (issue is deemed abandoned on appeal when it is not discussed in brief). Further, Ball's contentions as to the ALJ's credibility findings are belied by the record.

matters not presented below are waived on appeal—much less argue that manifest injustice will result if this court does not consider the issues that he newly identifies on appeal.  See Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (it is well established that, unless manifest injustice would result, issues not articulated to district court are subject to forfeiture on appeal).  The judgment of the district court is affirmed.

_____